UNITED TANKS, INC., and Bell-Toptex, Inc., Appellants,

v.

SEARS ROEBUCK & CO. et al., Appellees.

No. 23093.

United States Court of Appeals, Ninth Circuit.

April 29, 1970.

------◆------

Richard D. Dear (argued), of Musick, Peeler & Garrett, Los Angeles, Cal., for appellants.

Bernard J. Cantor (argued), of Cullen, Sloman & Cantor, Detroit, Mich., William Poms, of Miketta, Glenny, Poms & Smith, Los Angeles, Cal., for appellees.

Before CARTER and HUFSTEDLER, Circuit Judges, and VON DER HEYDT,* District Judge.

PER CURIAM:

Appellants, assignees of a patent, appeal from a judgment denying them relief on their infringement complaint and invalidating the patent.

The claims-in-suit relate to the use of a lining for a flyer's crash helmet. The teaching of the patent is that the lining should be made from an energy-absorbing, crushable, nonresilient material within a hard outer shell, because such nonresilient materials are better than resilient materials for absorbing the shock of a severe impact. The particular lining material used was cellular cellulose-acetate (CCA), but the patent claims were not limited to a particular type of material. The district court found that those claims encompassed "any suitable non-resilient, permanently deformable material," and "that Plaintiffs are foreclosed from limiting the claims to or reading into the claims limitations as to specific material in order to avoid the prior art." The court further found that the invention had been in public use in the United States more than one year before the date of the patent application, invalidating the patent under 35 U.S.C. § 102(b), and that the invention was obvious, invalidating the patent under 35 U.S.C. § 103.

Appellants contend that the evidence was insufficient to sustain those findings. We think the evidence was more than ample to uphold the district court's decision that the substitution of nonresilient for resilient materials in the liners was both old and "obvious" (cf. Carborundum Co. v. Wilbanks, Inc. (9th Cir. 1969) 420 F.2d 43; Purer & Co. v. Aktiebolaget Addo (9th Cir. 1969) 410 F.2d 871) and that the use of the helmets by North American was a public use, commencing more than one year before the date of the patent application.

Accordingly, the judgment is affirmed.